IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THERESA PROCTOR, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 13 C 7519 |
| v. | ) | |
| | ) | |
| SIIMONE MCNEIL, Acting Director of Central Management Services of the State of Illinois, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM, OPINION, AND ORDER**

AMY J. ST. EVE, District Court Judge:

On December 5, 2013, Plaintiffs, who are retired employees of the Illinois State University System, filed the present one-count Amended Class Action Complaint alleging a Fourteenth Amendment due process claim in relation to their monthly retirement annuities and health insurance premiums. *See* 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss Plaintiffs' Amended Class Action Complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' motion and dismisses this lawsuit in its entirety.

**LEGAL STANDARD**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests."

*Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). A plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).

## BACKGROUND

In their Amended Class Action Complaint, Plaintiffs allege that they are retired employees of the Illinois State University System. (R. 14, Am. Compl. ¶ 1.) In 1998, the Illinois State Universities Retirement System ("SURS") began offering retirees the option to accept a reduction in their monthly pension annuities in exchange for premium-free health insurance. (*Id*.) Plaintiffs further allege that they signed an irrevocable election to accept a reduction in their monthly retirement annuities in exchange for premium-free health insurance from the State of Illinois pursuant to the Illinois Pension Code, 40 ILCS 5/15-135.1. (*Id*. ¶¶ 1, 2.) Defendants then reduced the retirees' annuities for individuals who elected to received premium-free health insurance and, thereafter, Plaintiffs received free health insurance. (*Id*. ¶ 1.) Plaintiffs contend that in July 2013, Defendants unilaterally began charging Plaintiffs health insurance premiums calculated as a percentage of their now-reduced retirement annuity. (*Id*.)

The parties do not dispute that Defendants deducted the health insurance premiums at issue under Section 2200.520 of Title 80 of the Illinois Administrative Code allowed by the Illinois Administrative Procedure Act, 5 ILCS 100, which gives Illinois' administrative agencies — such as the State of Illinois Central Management Services ("CMS") — the power to adopt rules and regulations as defined and limited by the enabling statute. *See Hartney Fuel Oil Co. v. Hamer*, 998 N.E.2d 1227, 1238, 376 Ill.Dec. 294, 305 (Ill. 2013); *Julie Q. v. DCFS,* 963 N.E.2d 401, 410, 357 Ill.Dec. 448, 457 (2d Dist. 2011). The authority for implementing administrative regulation 80 Ill. Adm. Code 2200.520 is pursuant to the State Employees Group Insurance Act of 1971, 5 ILCS 375/1. *See* 80 Ill. Adm. Code 2200.110.

Based on these facts, Plaintiffs allege that Defendants violated their federal due process rights and seek injunctive relief.

## ANALYSIS

As the United States Supreme Court teaches, "to determine whether due process requirements apply in the first place" courts "must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property." *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 570-71, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In short, "the threshold question in any due process challenge is whether a protected property or liberty interest actually exists." *Citizens Health Corp. v. Sebelius,* 725 F.3d 687, 694 (7th Cir. 2013). Fundamental liberty interests include bodily integrity, the right to marry, marital privacy, and the right to have children, to name a few. *See Washington v. Glucksberg,* 521 U.S. 702, 720, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). A protected property interest is a legitimate claim of entitlement — not defined by the Constitution — but "by existing rules or understandings that

3

stem from an independent source such as state law." *Roth,* 408 U.S. at 577; *see also Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 756, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005).

**I.      Property Interest — Procedural Due Process**

Plaintiffs allege that they had a contract with the State of Illinois for premium-free health insurance pursuant to 40 ILCS 5/15-135.1, and, in their legal memoranda, Plaintiffs argue that this contract is a property interest for purposes of their due process claim.  Under Illinois law, there is a presumption "that laws do not create private contractual or vested rights, but merely declare a policy to be pursued until the legislature ordains otherwise."  *Sklodowski v. State*, 182 Ill.2d 220, 231-232, 695 N.E.2d 374, 37, 230 Ill.Dec. 884, 889 (Ill 1998); *see also National R.R. Passenger Corp. v. Atchison Topeka & Santa Fe Ry. Co.,* 470 U.S. 451, 466, 105 S.Ct. 1441, 84 L.Ed.2d 432 (1985); *A.B.A.T.E. of Illinois, Inc. v. Quinn,* 957 N.E.2d 876, 884, 354 Ill.Dec. 282, 290 (Ill. 2011).  The purpose of this presumption "is to recognize that the function of a legislative body is to make laws that declare the policy of a governmental body, which laws are subject to repeal when a subsequent legislature decides to alter that policy," therefore, "it stands to reason that unless the legislature has clearly evidenced that any of its laws were intended to create a contractual relationship, no such relationship exists."  *Dopkeen v. Whitaker,* 399 Ill.App.3d 682, 685-86, 926 N.E.2d 794, 339 Ill.Dec. 319, 323 (1st Dist. 2010) (citation omitted).

"In determining whether a statute was intended to create a contractual relationship between the State and the affected party, the court must examine the language of the statute."  *Fumarolo v. Chicago Bd. of Educ.,* 142 Ill.2d 54, 104, 566 N.E.2d 1283, 1305, 153 Ill.Dec. 177, 199 (Ill. 1990).  In looking to the language of the statute, the Court must discern whether there is

a clear legislative intent to contract, namely, whether the language contains the essential requirements for creating a contract. *See id*., 142 Ill.2d at 104-05; *Unterschuetz v. City of Chicago*, 346 Ill.App.3d 65, 73, 803 N.E.2d 988, 994, 281 Ill.Dec. 367, 373 (1st Dist. 2004). Section 15-135.1(a) states in relevant part:

> A participant who was an employee on July 7, 1997 and retires on or after the effective date of this amendatory Act of the 91st General Assembly may elect in writing at the time of retirement to have the retirement annuity calculated in accordance with the provisions of Sections 15-135 and 15-136[1] as they existed immediately prior to amendment by Public Act 90-65. This election, once made, is irrevocable.

40 ILCS 5/15-135.1(a).

Although the statute's language makes the election of the retirement annuity calculation irrevocable, there is no other language in the statute that even suggests a contractual right, such as asking for an acceptance of an offer or the word "contract." *See Unterschuetz*, 346 Ill.App.3d at 73. Indeed, Illinois courts have repeatedly held that "statutes governing wages, working conditions and benefits of public employees do not create any vested rights in their continued existence." *Gaiser v. Village of Skokie*, 271 Ill.App.3d 85, 92, 648 N.E.2d 205, 211, 207 Ill.Dec. 749, 755 (1st Dist. 1995). This is because the Illinois "legislature must be free to exercise its constitutional authority without concern that each time a public policy is expressed contractual rights may thereby be created." *Fumarolo,* 142 Ill.2d at 106; *see also Pittman v. Chicago Bd. of Educ.,* 64 F.3d 1098, 1104 (7th Cir. 1995) ("To treat statutes as contracts would enormously curtail the operation of democratic government. Statutes would be ratchets, creating rights that could never be retracted or even modified without buying off the groups upon which the rights

---

[1] 40 ILCS 5/15-135 sets forth the relevant conditions for retirement annuities. Section 15-136 sets forth the relevant calculations for retirement annuities.

had been conferred"). Based on Illinois law, Plaintiffs do not have a protected property interest for due process purposes because they do not have a contract with the State of Illinois as they allege.

Even if Plaintiffs had a protected property interest, CMS' rulemaking procedure afforded them sufficient procedural due process. "Procedural due process rights guarantee that the state not deprive an individual of his or her property without providing adequate procedural safeguards against the erroneous deprivation thereof." *Markadonatos v. Village of Woodridge,* ___ F.3d ___, 2014 WL 60452 (7th Cir. 2014). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (citation omitted). More specifically, "the Fourteenth Amendment's Due Process Clause affords state citizens with the right to notice and an opportunity to be heard before being deprived of 'property' as defined by state law." *Taake v. County of Monroe*, 530 F.3d 538, 543 (7th Cir. 2008). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

It is well-settled that "[g]overning bodies may enact generally applicable laws, that is, they may legislate, without affording affected parties so much as notice and an opportunity to be heard." *Pro-Eco, Inc. v. Board of Com'rs of Jay County, Ind.,* 57 F.3d 505, 513 (7th Cir. 1995); *see also Dawson v. Milwaukee Housing Auth.,* 930 F.2d 1283, 1286 (7th Cir. 1991) ("the due process clause does not require individual hearings before a governmental body takes decisions that affect the interests of persons in the aggregate"); *Philly's v. Byrne*, 732 F.2d 87, 92 (7th Cir. 1984) ("notice and opportunity for a hearing are not constitutionally required safeguards of

6

legislative action"); *see also Goros v. County of Cook,* 489 F.3d 857, 859-60 (7th Cir. 2007) ("it has been understood for a long time that the due process clauses do not require hearings to resolve disputes about the meaning and effect of laws, regulations, and contracts"). Simply put, "[w]here a rule of conduct applies to more than a few people it is impracticable that every one should have a direct voice in its adoption." *Muscarello v. Winnebago County Bd.,* 702 F.3d 909, 914 (7th Cir. 2012) (quoting *Bi–Metallic Investment Co. v. State Board of Equalization*, 239 U.S. 441, 445, 36 S.Ct. 141, 60 L.Ed. 372 (1915) (Holmes, J.)).

"The fact that a statute (or statute-like regulation) applies across the board provides a substitute safeguard" because "the across-the-board character of legislation provides some protection against the use of the legislative process to single people out for adverse governmental action." *Philly's*, 732 F.2d at 92-93 (citing *United States v. Florida East Coast Ry. Co.,* 410 U.S. 224, 246, 93 S.Ct. 810, 35 L.Ed.2d 223 (1973)).[2] As the Seventh Circuit teaches:

> An important reason for not requiring notice and an opportunity for a hearing when legislative action is at issue is that legislation normally is general in its scope rather than targeted on a specific individual, and its generality provides a safeguard that is a substitute for procedural protections. The greater the number of people burdened by a proposed law, the easier it is to mobilize political resistance, and the likelier moreover that the burdened class includes constituents of the legislators proposing to impose the

---

[2] Plaintiffs take issue with Defendants' use of the term "statute-like regulation," in discussing the Illinois Administrative Code, implicitly arguing that Section 2200.520 is somehow not legislative in nature. Plaintiffs' argument is unavailing. *See United States v. Florida East Coast Ry. Co.*, 410 U.S. 224, 241, 93 S.Ct. 810, 35 L.Ed.2d 223 (1973) (individual notice and hearing not required in rulemaking); *Brown v. McGarr,* 583 F.Supp. 734, 736 (N.D. Ill. 1984) ("In the context of rulemaking, however, the fifth amendment's requirements of individualized due process do not apply"); *Radaszewski v. Garner*, 346 Ill.App.3d 696, 704, 805 N.E.2d 620, 626, 282 Ill.Dec. 1, 7 (2d Dist. 2003) ("due process standards that apply in a judicial proceeding do not apply to agency rulemaking"); *see also Hartney Fuel Oil Co. v. Hamer,* 998 N.E.2d 1227, 1238, 376 Ill.Dec. 294, 305 (Ill. 2013) ("Administrative regulations have the force and effect of law").

7

> burden. If a legislature can focus burdens laser-like on a hapless individual, he has no political remedy, while if it has to place an equal burden on many others he has a political remedy in concert with the others.

*Indiana Land Co., LLC v. City of Greenwood,* 378 F.3d 705, 710 (7th Cir. 2004). In short, "[a] statute, unlike a judicial decision, applies directly to a whole class of people, and it is this attribute that makes democratic checking feasible, though it is far from perfect." *Coniston Corp. v. Village of Hoffman Estates,* 844 F.2d 461, 469 (7th Cir. 1988).

In response to Defendants' motion, Plaintiffs argue that they have a different interest at stake than the other Illinois state retirees affected by the Illinois Administrative Code at issue — such as Illinois' retired school teachers — because as retired employees of the Illinois State University System they had the option to accept a reduction in their monthly retirement annuities in exchange for premium-free health insurance pursuant to 40 ILCS 5/15-135.1. Accordingly, they claim that they are not "equally concerned" with the other retirees subject to Section 2200.520. *See Bi-Metallic,* 239 U.S. at 445 (assuming "that the property owners in the county all stand alike", the "question, then, is whether all individuals have a constitutional right to be heard before a matter can be decided in which all are equally concerned"). More specifically, Plaintiffs contend that they comprise approximately 3,000 to 6,000 individuals, and that relative to the purported "hundreds of thousands" of retirees subject to Section 2200.50, they are a "tiny class of people." *See Philly's,* 732 F.2d at 93 ("More may be required especially in a case like this where the legislation affects only a tiny class of people — maybe a class with only one member."). As the Seventh Circuit clarifies, "the tinier the burdened group"— "the weaker is the equal-burden rationale for denying procedural rights in legislative hearings and the stronger therefore is the case for granting such rights in the name of due process." *Indiana Land Co.,* 378

F.3d at 710.

Plaintiffs do not explain what additional procedural safeguards they are seeking as a "tiny class of people." Rather, they argue that "process must afford the individual an opportunity for ultimate judicial determination of liability and remedies." (R. 16, Pls.' Resp., at 7.) Plaintiffs' argument is misplaced because it is well-established that the "federal entitlement is to process, not to a favorable outcome." *Simmons v. Gillespie,* 712 F.3d 1041, 1044 (7th Cir. 2013); *see also Schindler v. Schiavo,* 403 F.3d 1289, 1295 (11th Cir. 2005) (per curiam) ("procedural due process does not guarantee a particular result"); *see, e.g., Bettendorf v. St. Croix County,* 631 F.3d 421, 427 (7th Cir. 2011) (plaintiff's "procedural due process argument strikes us as a last ditch effort to undo the adequate process because it did not produce the anticipated result"). In a similar vein, Plaintiffs argue that the process provided was not "fair" because it did not provide sufficient safeguards against the error that occurred in this case. The United States Supreme Court has held, however, that "the very nature of the due process inquiry indicates that the fundamental fairness of a particular procedure does not turn on the result obtained in any individual case." *Walters v. National Ass'n of Radiation Survivors,* 473 U.S. 305, 321, 105 S.Ct. 3180, 87 L.Ed. 220 (1985). Again, when considering whether Defendants provided fundamentally fair procedural due process, the result or outcome is not determinative. *See Marozsan v. United States,* 90 F.3d 1284, 1289 (7th Cir. 1996) ("the Due Process Clause is not a guarantee against incorrect results"); *Woods v. City of Michigan City, Ind.,* 940 F.2d 275, 285 (7th Cir. 1991) ("Due process does not guarantee 'right' substantive outcomes or correct conclusions of law"); *Del's Big Saver Foods, Inc. v. Carpenter Cook, Inc.,* 795 F.2d 1344, 1350 (7th Cir. 1986) ("Due process does not guarantee correct outcomes in every case; that would make every error of state law that deprived

a person of liberty or property a federal constitutional error, which is an absurd proposition. Due process just requires procedures that will usually lead to correct outcomes.") (internal citation omitted).

Because Plaintiffs do not have a protected property interest and CMS' rulemaking process afforded sufficient procedural process, the Court grants Defendants' motion to dismiss Plaintiff's procedural due process claim with prejudice.

## II.     Fundamental Liberty Interests — Substantive Due Process

For the first time in their sur-reply, Plaintiffs maintain that they have a contractual right that is protected by the contract clause of Article I, Section 16 of the Illinois Constitution, and therefore, they have a fundamental right of premium-free health insurance for purposes of their substantive due process claim. Substantive due process under the Fourteenth Amendment bars "certain governmental actions regardless of the fairness of the procedures used to implement them." *Wudtke v. Davel,* 128 F.3d 1057, 1062 (7th Cir. 1997) (quoting *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). "The touchstone of substantive due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974); *see also Dunn v. Fairfield Comm. High. Sch.*, 158 F.3d 962, 965 (7th Cir. 1998). "Substantive due process is a doctrine limited to impingement on fundamental rights." *Hanson v. Dane County, Wis.,* 608 F.3d 335, 338 (7th Cir. 2010).

As mentioned, the list of fundamental liberty interests include "things like the right to marry, the right to have children, the right to marital privacy, the right to contraception, and the right to bodily integrity." *Sung Park v. Indiana Univ. Sch. of Dentistry,* 692 F.3d 828, 832 (7th

10

Cir. 2012). This is because "[f]undamental rights are rights 'deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed.'" *Khan v. Bland,* 630 F.3d 519, 535 (7th Cir. 2010) (quoting *Glucksberg,* 521 U.S. at 720-21).

Under this standard, the Court is reluctant to expand substantive due process rights to include premium-free health insurance. *See Glucksberg,* 521 U.S. at 720; *see also Reno v. Flores,* 507 U.S. 292, 302, 113 S.Ct. 1439, 1447, 123 L.Ed.2d 1 (1993) ("'Substantive due process' analysis must begin with a careful description of the asserted right, for '[t]he doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.'") (citation omitted); *Khan,* 630 F.3d at 535 ("courts must be reluctant to expand substantive due process rights 'because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended.'") (citation omitted). In *Khan*, for example, the Seventh Circuit concluded that the right to a government subsidy was not a fundamental liberty interest. *Id.* at 536. Under the circumstances, Plaintiffs do not have a fundamental liberty interest to support their substantive due process claim.

On a final note, substantive due process claims "involving only the deprivation of a property interest are cognizable where the plaintiff shows 'either the inadequacy of state law remedies or an independent constitutional violation.'" *LaBella Winnetka, Inc. v. Village of Winnetka,* 628 F.3d 937, 943 (7th Cir. 2010) (quoting *Lee v. City of Chicago,* 330 F.3d 456, 467 (7th Cir. 2003). As discussed, Plaintiffs do not have a protected property interest nor have they alleged an independent federal constitutional violation. Finally, Plaintiffs' argument that they do not have an adequate state law remedy because their breach of contract claim against the State

11

must be brought in the Illinois Court of Claims is without merit because Plaintiffs have no contract with the State in the first instance. *See Loman v. Freeman,* 229 Ill.2d 104, 139-40, 890 N.E.2d 446, 321 Ill.Dec. 724 (Ill. 2008) ("Section 8(b) of the Court of Claims Act states that the Court of Claims shall have exclusive jurisdiction to hear '[a]ll claims against the State founded upon any contract entered into with the State of Illinois.'") (quoting 705 ILCS 505/8(b)).

Because Plaintiffs cannot allege a liberty or property interest to support their substantive due process claim under the circumstances, the Court grants Defendants' motion to dismiss Plaintiffs' substantive due process claim with prejudice.

## CONCLUSION

For these reasons, the Court grants Defendants' Rule 12(b)(6) motion and dismisses this lawsuit in its entirety.

**Dated:** February 3, 2014

                                       **ENTERED**

                                       _____
                                       **AMY J. ST. EVE**
                                       **United States District Court Judge**